# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PAUL HINES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendants. | Case No.: 3:23-cv-01843-KM<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION** |

　　　　Plaintiff William Paul Hines ("Plaintiff") respectfully submits this Response in Opposition to Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Stay Discovery Pending Resolution of Its Motion to Compel Arbitration [Dkt. No. 32] and memorandum brief in support thereof [Dkt. No. 33, the "Motion"].

1

I.  **INTRODUCTION**

Although Experian tries to suggest otherwise, the Motion does not relate to a garden-variety request to enforce an arbitration agreement that is memorialized in a signed document. As Plaintiff has argued in his opposition to Experian's Motion to Compel Arbitration when that motion is ripe for decision, Experian's invocation of an "arbitration agreement" has weak evidentiary support and a dubious legal foundation. Experian's attempt to compel arbitration, without producing the signed arbitration agreement, is as much a delaying tactic as a good-faith assertion of Experian's rights, and this tactic is one that Experian employs reflexively, over and over again, as part of a larger strategy to avoid the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

Here, as in other cases, Experian asserts the existence of an arbitration agreement but supports it with no admissible evidence. Given Experian's strategy, a stay of arbitration would only compound the problems with Experian's "take my word for it" approach to proving the existence of an arbitration agreement. Experian should not be relieved of its discovery obligations when it has offered such insufficient evidence of an agreement to arbitrate.

Contrary to Experian's arguments, federal courts do not rubber-stamp motions like the one Experian presents here. *See Thomas v. Sherwin P. Robin & Assocs., P.C.*, No. 1:16-CV-2529-AT-AJB, 2017 U.S. Dist. LEXIS 227255, at *9 (N.D. Ga.

Sep. 7, 2017), *adopted by* 2017 U.S. Dist. LEXIS 227254 (N.D. Ga. Oct. 20, 2017). In that case, the court denied a motion to compel arbitration and an accompanying motion to stay discovery when the defendant relied upon an arbitration agreement that was not memorialized in documents that the non-movant signed – or even saw. Because Experian bears the burden of showing why the ordinary rules of discovery should not apply, and because it has utterly failed to carry that burden, Plaintiff asks this Court to deny the Motion. *Id.*

## II. BACKGROUND

Plaintiff filed his complaint alleging violation of the FCRA against Experian on November 6, 2023 [Dkt. No. 1, the "Complaint"]. As one of the Affirmative Defenses in its Answer, Experian alleged that Plaintiff may have agreed to arbitrate his claims. [Dkt. No. 13, the "Experian's Answer," at 18] ("Experian alleges on information and belief that Plaintiff's claims **may be** the subject of an arbitration agreement between Plaintiff and Experian.") (emphasis added). Experian then waited over two months and filed a Motion to Compel Arbitration after Plaintiff had served discovery requests. It asserted that Plaintiff had agreed to arbitrate any and all disputes with Experian when he signed up for CreditWorks, a service offered by one of Experian's affiliate entities. *See* Experian's Motion to Compel [Dkt. No. 32].

Experian's inconsistent approach to alleging its right to arbitration provides important context for its request to suspend Plaintiff's right to discover evidence.

3

Experian contends that this arbitration agreement is a necessary and inescapable condition of membership in CreditWorks. Experian's Motion to Compel [Dkt. No. 28, at 1-2]. Experian's initial uncertainty about the existence of an arbitration agreement seems incongruent with the vehemence of its arguments for both arbitration and a stay of discovery in this case.

Experian's certainty about an arbitration agreement is difficult to square with its lack of direct, admissible evidence of the agreement. As Plaintiff has pointed out in his opposition to Experian's Motion to Compel Arbitration, Experian cannot – or will not – produce any documents to show that Plaintiff actually agreed to arbitration in 2023, even though Experian has the burden to prove that such an agreement exists. [*See* Dkt. No. 39, "Plaintiff's Opposition to Motion to Compel Arbitration"]. Instead of producing a document that Plaintiff signed, by physical or electronic means, and instead of producing electronically stored information to show that Plaintiff directly assented to arbitration in some kind of "clickwrap" or "browse wrap" agreement, Experian relies on the declaration of one of its employees who was not present when Plaintiff allegedly signed up for a CreditWorks account in 2023 and thus cannot make a valid declaration that Plaintiff signed up for CreditWorks because the declarant does not have personal knowledge about Plaintiff's alleged application. Thus, Experian's request to stay discovery coincides with its virtually evidence-free assertion of a right to arbitrate its dispute with Plaintiff. Experian's request to stay

discovery must be understood in the context of its secretive treatment of evidence relevant to its allegation of an arbitration agreement.

### III. LEGAL STANDARD

A party must show good cause to obtain a stay. Fed. R. Civ. P. 26(c). The Supreme Court set forth that the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay [. . .] will work damage to [someone] else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Stays are generally not favored by courts "because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Venson*, No. 19-19227, 2022 U.S. Dist. LEXIS 178649, at *22 (quoting *Coyle v. Hornell Brewing Co.*, No. 08-279, 2009 U.S. Dist. LEXIS 49109, at *3 (D.N.J. June 9, 2009). However, several factors are considered when determining whether a stay should be granted including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Venson v. Pro Custom Solar LLC*, No. 19-19227, 2022 U.S. Dist. LEXIS 178649, at *22

(D.N.J. Sep. 30, 2022) (quoting *Actelion Pharms. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 U.S. Dist. LEXIS 135524 at *3 (D.N.J. Sept. 6, 2013)). In the present case, the balance of these factors weighs against a stay of discovery.

IV. **ARGUMENT**

   a. **Experian's Meritless Motion to Compel Would Present Clear Tactical Disadvantage to Plaintiff.**

Granting Experian's Motion to Compel would cause *per se* prejudice to Plaintiff because Experian's Motion to Compel is facially insufficient and "is without foundation in law." *Victor v. Huber*, No. 12-282, 2012 U.S. Dist. LEXIS 91181 at *2 (M.D. Pa. July 2, 2012) (noting "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.") (internal quotations omitted).

Experian seeks a stay of discovery based solely on the prospect of arbitration. But, as Plaintiff has argued, there is no admissible evidence to support Experian's allegations of an arbitration agreement. *See* Plaintiff's Opposition to Motion to Compel Arbitration.

In considering whether an agreement to arbitrate was formed, courts are required to "apply ordinary state-law principles that govern the formation of contracts." *James v. Glob. Tel.*Link Corp.*, 852 F.3d 262, 265 (3d Cir. 2017). "When it comes to the requisite intent for the formation of an arbitration agreement,

6

Pennsylvania law is [...] explicit agreement is essential to the formation of an enforceable arbitration contract." *Lewandowski v. Megabus USA, LLC*, 613 F. Supp. 3d 909, 915 (W.D. Pa. 2020) (finding plaintiff had not assented to and not subject to arbitration clause contained in terms and conditions incidental to a transaction).

Experian has filed with the Court no documents proving an intent to assent to the arbitration terms by Plaintiff, a requirement under Pennsylvania law. The sole piece of "evidence" on the record to date is a wholly insufficient declaration, signed by a serial "affiant-for-hire" employed by one of Experian's sister-companies, which sets forth statements of which the declarant cannot possibly have personal knowledge of. Worse, the declaration explicitly asserts that the declarant's "knowledge" was obtained through the review of unidentified documents and records, none of which have been produced by Experian, in spite of repeated requests from the undersigned.

Binding precedent from the Third Circuit is crystal clear on this issue: a motion to compel arbitration should be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 228 (3d Cir. 2012). "In making this determination, the party opposing arbitration is entitled to 'the benefit of all reasonable doubts and inferences that may arise.'" *Kirleis v. Dickie,*

*McCamey & Chilcote*, 560 F.3d 156, 159 (3d Cir. 2009) (quoting *Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980)).

Granting a stay of discovery here would severely prejudice Plaintiff given the weaknesses of Experian Motion to Compel. *See Victor,* U.S. Dist. LEXIS 91181 at *2.

### b. Experian Has Not Shown How It Will Be Prejudiced by Responding to Discovery.

To carry its burden of showing that a stay of discovery is necessary, Experian must show how such a stay will relieve a burden that it would not encounter in arbitration. But Experian is silent about the arbitration procedures. In its Motion, Experian asks for relief from additional discovery including the deposition of its corporate representative under Fed. R. Civ. P. 30(b)(6). But this is not a heavy burden, and it is hard to imagine a meaningful arbitration procedure where a deposition of a corporate representative would not be permitted. Experian offers the generalized assertion that additional discovery would "drive[] up litigation costs[,]" without providing any information on whether procedures and costs in an arbitration would be any different. Motion, at 8.

In Experian's cited cases, the procedural circumstances are significantly different from those currently presented here. For example, in *Klepper v. SLI, Inc.*, 45 F. App'x 136 (3d Cir. 2002), the discovery at issue was far more sweeping and detailed than the discovery that Experian might avoid here. In *Klepper*, the

defendant, who had moved to compel arbitration appealed the district court's decision to permit full discovery on both issues of arbitrability and issues relating to the merits of the dispute. The Third Circuit concluded that it was an error to permit such broad discovery and limited the scope of discovery to evidence relevant to the question of arbitrability. It did not, however, prohibit discovery altogether. In *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 U.S. Dist. LEXIS 117212, at *2-3 (N.D. Cal. Feb. 14, 2017), the trial court permitted a "short stay" of discovery pending the resolution of arbitrability issues, but it specifically permitted the plaintiff to conduct discovery that might be impossible if the parties waited until after the stay. In *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, 98 Civ. 9116 (CSH), 2001 U.S. Dist. LEXIS 9950 (S.D.N.Y. July 17, 2001), the district court issued a stay of discovery on the merits of the dispute in accordance with the parties' concession that the district court lacked subject matter jurisdiction to decide the merits; the case had been removed to federal court solely on the basis of the parties' ancillary dispute about whether they were compelled to arbitrate under the Federal Arbitration Act. Finally, in *Anfibio v. Optio Sols. LLC*, No. 20-cv-11146-CCC-ESK, 2020 U.S. Dist. LEXIS 245147, at *3 (D.N.J. Dec. 30, 2020), the district court asserted a general rule that cuts against Experian's Motion – that "[g]enerally, the filing of a dispositive motion does not constitute good cause under Rule 26(c) to stay discovery."

### c. Plaintiff Will Be Prejudiced by a Stay of Discovery.

Experian's approach to producing evidence regarding the alleged arbitration agreement illustrates why Plaintiff will be prejudiced by any stay of discovery and why a stay will put Plaintiff at a tactical disadvantage. In this case, and in others, Experian makes a factual assertion, supports that assertion with incompetent and/or inadmissible evidence, and then refuses to provide meaningful evidence. *See Austin v. Equifax Info. Servs., LLC*, Civil Action No. 3:22cv707, 2023 U.S. Dist. LEXIS 223258, at *20 (E.D. Va. Dec. 13, 2023). As Plaintiff has argued in opposing Experian's Motion to Compel Arbitration, Experian's assertion of a chimerical arbitration agreement and its refusal to produce actual proof of that agreement constitute a single instance of a broader strategy of evasion and delay designed to undermine the fairness of all aspects of procedure in this case. Plaintiff will be at a significant disadvantage if Experian succeeds in any element of its tactics of evasion and delay.

Additionally, time is of the essence when developing a factual record from witness testimony. The prevalent facts are still fresh upon Plaintiff's mind at this point – and, presumably also upon the minds of all individual employees of Experian who have actual knowledge of Experian's actions. Waiting to continue discovery until an unknown date in the future when Experian's Motion to Compel will be denied would severely prejudice Plaintiff. Plaintiff bears the burden of proving his

claims under the FCRA. Nearly all the documents and witness testimony which are relevant to the proof of his claims currently reside with Experian. The longer Plaintiff must wait to conduct necessary discovery, the more likely it becomes that important memories fade, witnesses become difficult to locate, and essential documents are lost.

The Supreme Court has ruled that this type of danger is ***per se*** prejudicial, and an important enough consideration to describe a district court's decision not to consider the same as an abuse of discretion. *See Clinton v. Jones,* 520 U.S. 681, 708 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."). Because the Supreme Court has held that a stay inherently prejudices the plaintiff, the burden shifts to Experian to "make out a clear case of hardship or inequity in being required to go forward […]." *Landis*, 299 U.S. at 254.

### d. Granting Experian's Requested Stay Will Not Diminish the Burden on This Court, Nor Will it Simplify the Issues in This Case and the Resolution of Those Issues.

Experian also offers no specifics about how a complete stay of discovery will relieve burdens on this Court or simplify the process for resolving issues in this case. Experian does not seek a targeted stay that would limit discovery to certain preliminary issues; nor does Experian seek to limit discovery here to correspond

with prospective arbitration procedure. As Plaintiff notes above, Experian does not even suggest what discovery in arbitration might look like. Even the case law that Experian cites does not support an absolute stay of all discovery pending the resolution of issues of arbitrability. In several of Experian's cases, the Court permitted focused discovery while the parties waited for a decision on a motion to compel arbitration. *See, e. g. Klepper,* 45 F. App'x 136; *Mahamedi IP Law, LLP,* 2017 U.S. Dist. LEXIS 117212, at *2-3. Moreover, the elementary aspects of discovery that Experian seeks to avoid – the Rule 30(b)(6) deposition of its representative – hardly threaten to impose a significant burden on this Court.

## V. CONCLUSION

For reasons detailed herein, Plaintiff respectfully requests the Court deny Experian's Motion with prejudice in full. In the alternative, and if the Court deems a general stay of discovery warranted – it is not – Plaintiff respectfully requests that the Court permit limited discovery for documents relevant to Experian's burden of proving that Plaintiff manifested assent to the arbitration agreement it seeks to enforce.

Dated: March 27, 2024,
        */s/ Mehak Rizvi*
        Mehak Rizvi, Bar #6341462
        *(admitted pro hac vice)*
        111 W. Jackson, Suite 1700
        Chicago, IL 60604

T: (602) 807-1519  
F: (718) 715-1750  
E: mrizvi@consumerattorneys.com

Robert M. Tobia, Sr., Esq.  
PA Bar No. 54513  
Glanzberg Tobia Law, P.C.  
The Wells Fargo Building  
123 South Broad Street, Suite 1640  
Philadelphia, PA 19109  
T: (215) 981-5400  
F: (267) 319-1993  
E: Robert.Tobia@gtlawpc.com

*Attorneys for Plaintiff*  
*William Paul Hines*

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By: */s/ Irina Iakovleva*
Irina Iakovleva