THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PAUL HINES, | : | |
| | : | |
| Plaintiff, | : | 3:23-CV-01843 |
| | : | (JUDGE MARIANI) |
| v. | : | |
| | : | |
| TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court are Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration (Doc. 27) ("Motion to Compel") and Motion to Stay Discovery Pending Resolution of Motion to Compel Arbitration (Doc. 32) ("Motion to Stay"). Upon review, the Court determines that considering Defendant's Motion to Compel is not appropriate at this stage without there first being limited discovery as to the issue of whether there is a valid agreement to arbitrate. Therefore, the Court will deny Defendant's Motion to Compel Arbitration (Doc. 27) and Motion to Stay (Doc. 32) without prejudice to allow for a sixty-day period in which the parties will conduct limited discovery as to the issue of whether there is a valid agreement to arbitrate.

1

## II. BACKGROUND

Plaintiff William Paul Hines ("Plaintiff") asserts this action against Defendants due to alleged violations of the Fair Credit Reporting Act ("FRCA"),15 U.S.C. §1681, *et seq.* (Compl., Doc. 1.) Plaintiff claims that he is the victim of inaccurate consumer reporting at the hands of Defendants and that Defendants violated 15 U.S.C. § 1681e(b). (*Id.* at ¶¶ 107-114.) Defendant Experian Information Solutions, Inc. ("Defendant") moves to compel arbitration of this claim (Doc. 27) pursuant to an arbitration agreement (the "Arbitration Agreement") in the Terms of Use Agreement (Doc. 43) that Plaintiff allegedly agreed to when he enrolled in Experian CreditWorks via Defendant's website (Doc. 29-1).

## III. LEGAL STANDARD

In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013), the Third Circuit clarified the standards to be applied to motions to compel arbitration, specifically explaining the circumstances when District Courts should apply the standard for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and when the District Courts should apply the summary judgment standard of Fed. R. Civ. P. 56. The Court began by acknowledging the long-standing rule that arbitration is a matter of contract between the parties and that "a judicial mandate to arbitrate must be predicated upon the parties' consent." *Guidotti*, 716 F.3d at 771 (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d. 51, 54 (3d. Cir. 1980)). Further, the Circuit Court noted that the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, while providing for the enforcement of a contract to

arbitrate, "requires that a court shall be satisfied that the making of the agreement for arbitration ... is not an issue before it orders arbitration." *Id.* (internal quotation marks omitted). The Court also noted that, in accordance with *Par-Knit Mills*, "the party who is contesting the making of the agreement has the right to have the issue presented to a jury." *Id.*

The *Guidotti* Court then explained the circumstances in which a motion to compel arbitration may be addressed through a motion made pursuant to Rule 12(b)(6) as well as when the matter should be resolved pursuant to Rule 56. The Court succinctly explained the appropriate use of these Rules in determining the arbitrability of a dispute as follows:

> To summarize, when it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." [*Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F.Supp.2d 474, 482 (E.D. Pa. 2011)]. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting 9 U.S.C. § 4).

*Guidotti*, 716 F.3d at 776.

The principles set forth in *Guidotti* for determining whether an agreement to arbitrate a dispute has been entered into by the parties have been uniformly followed. Thus, in *Singh v. Uber Technologies, Inc.*, 939 F.3d 210 (3d Cir. 2019), the Court reiterated the rules for determining the appropriate standard – the motion to dismiss standard or the summary judgment standard – to be utilized in determining whether a party's claims are subject to arbitration.

> We held [in *Guidotti*] that the motion to dismiss standard applies to a motion to compel arbitration where a party's claims are subject to an enforceable arbitration clause – that is, where the existence of a valid agreement to arbitrate between the parties is apparent from the face of the complaint or incorporated documents. But if the complaint and its supporting documents are unclear as to whether the parties agreed to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement in dispute, a restricted inquiry into factual issues [is] necessary. The motion to compel arbitration is judged under a summary judgment standard if it is renewed after this inquiry.

939 F.3d. at 216 (internal citations and quotation marks omitted).

Similarly, in *In re Rotavirus Vaccines Antitrust Litigation*, the Third Circuit ruled that the District Court, in denying Defendant Merck's motion to compel individual arbitration and stay proceedings of a putative anti-trust class action lawsuit, properly declined under *Guidotti* to apply the Rule 12(b)(6) standard "because it is not apparent from the Complaint that Plaintiffs' claims are subject to the PBG Contracts' arbitration provisions." 789 F. App'x. 934, 937 (3d Cir. 2019). However, the Court of Appeals added that the District Court "should have allowed the parties to engage in limited discovery before applying the summary judgment standard." *Id.* at 938. The Court thus concluded that "[b]ecause arbitrability is not

4

apparent on the face of the Complaint, limited discovery on the issue of arbitrability is appropriate, after which Merck may file a renewed motion to compel arbitration." *Id.* Therefore, when the issue of whether there is a valid agreement to arbitrate is not apparent on the face of a complaint, a court must both deny the motion to compel and allow for the parties to engage in limited discovery before applying the summary judgment standard.

## IV. ANALYSIS

Defendant Experian moves to compel arbitration on the basis that Plaintiff manifested his assent to the Terms of Use Agreement containing the Arbitration Agreement when he enrolled in Experian CreditWorks online. (Motion to Compel, Doc. 27.) Defendant contends that the Terms of Use Agreement contains a Delegation Clause that requires an arbitrator to decide all questions of arbitrability. (*See* Def's Memo of Law in Support, Doc. 28, at 3). Plaintiff opposes Defendant's Motion by arguing that the declaration of Dan Smith is inadmissible (Pl's Resp. in Opp., Doc. 39, at 6) and that Smith's statements "fail to demonstrate that Plaintiff assented to the 'clickwrap' arbitration agreement at issue." (Doc. 39 at 12.) For the reasons explained below, the Court will deny the Motion to Compel and Motion to Stay without prejudice to allow the parties to have a sixty-day period in which they will engage in limited discovery on the issue of whether there is a valid arbitration agreement.[1]

---

[1] As explained below, because *Guidotti* is controlling as to Defendant's Motion to Compel, the Court need not reach the merits of the parties' arguments pertaining to arbitrability prior to discovery of the

5

Plaintiff's Complaint makes no reference to the Experian CreditWorks arbitration agreement and his claims are not apparently based on the existence of any arbitration agreement. (Compl., Doc. 1); *see also Young v. Experian Info. Sols., Inc.*, No. CV-23-3312(MAS)(RLS), 2023 WL 7002338, at *2 (D.N.J. Oct. 23, 2023) (granting limited discovery under *Guidotti* because Plaintiff's Complaint "makes no reference" to any arbitration agreement); *Ross v. CACH, LLC*, No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015) (same); *Sauberman v. Avis Rent a Car Sys., LLC*, No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (same); *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018) (same).

District courts in the Third Circuit have consistently followed the Circuit's command that the non-movant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." *Guidotti*, 716 F.3d at 774 (internal quotations omitted). In *Young*, the United States District Court for the District of New Jersey denied without prejudice a motion to compel arbitration by Experian under nearly identical circumstances to those founds here, holding that:

> [a]s in *Kisciras*, Plaintiff's Complaint does not reference an arbitration clause, nor does it establish on its face that the parties agreed to arbitrate the claims presented here. (*See* Compl.) Given that the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, the Court does not apply a Rule 12(b)(6) standard in deciding the instant motion. *Guidotti*, 716 F.3d at 774. As the Third Circuit mandated in *Guidotti*, under these circumstances, "the motion to compel arbitration *must* be denied pending

---

issue. *See Guidotti, L.L.C.*, 716 F.3d at 776 ("the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.")

6

further development of the factual record." *Id.* (emphasis added). The Court therefore denies Experian's motion without prejudice to afford the parties the opportunity to engage in limited discovery on the issue of arbitrability. The parties shall engage in limited discovery on the issue of arbitrability within 60 days. Experian may thereafter file a renewed motion to compel arbitration to be reviewed pursuant to the Rule 56 standard.

*Young*, 2023 WL 7002338 at *3.

Similarly, as referenced in *Young*, the *Kisciras* case also provides relevant guidance in addressing Experian's motions to compel. *See Kisciras v. Experian Info. Sols., Inc.*, No. CV 23-776 (ZNQ)(RLS), 2023 WL 4947374 (D.N.J. Aug. 3, 2023). In that case, like here, there was an identical motion to compel arbitration filed by Experian following the filing of a complaint against it for similar alleged violations of 15 U.S.C. § 161e(b). *Id.* In denying Experian's motion to compel arbitration without prejudice, the United States District Court for the District of New Jersey held that:

> [t]he existence of an arbitration agreement is not referenced in the Complaint but is raised for the first time in Defendant's motion. (*see generally* Compl., Moving Br.) Given that the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion. *See id.* at 774. As the Third Circuit instructed in *Guidotti*, in this type of scenario, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Id.* (emphasis added); *see, e.g., Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (denying a motion to compel arbitration and ordering limited discovery where the complaint did not establish on its face that the parties agreed to arbitrate); *Torres v. Rushmore Service Center, LLC*, Civ. No. 18-9236, 2019 WL 5669175, at *2 (D.N.J. Oct. 31, 2018) (same); *Hughes v. Kolaras*, Civ. No. 13-0057, 2013 WL 5797735, at *7 (D.N.J. Oct. 28, 2013) (denying a motion to dismiss without prejudice in part because arbitrability was not apparent on the face of the complaint). Thus, this Court will deny Defendant's motion without prejudice, and order the parties to conduct limited discovery on the issue of arbitrability

within 45 days. Afterwards, Defendant may file a renewed motion to compel arbitration, which this Court will review under a Rule 56 standard.

*Id.* at *2.

Courts in the Middle District of Pennsylvania have also consistently reaffirmed the application of *Guidotti* to circumstances such as those found here. *See, e.g., Skalde v. Lemieux Grp., L.P.*, No. 3:20-CV-02039, 2021 WL 6128734 (M.D. Pa. Sept. 30, 2021) (denying defendant's motion to compel without prejudice and ordering the parties to engage in limited discovery as to the issue of arbitrability); *Hoffman v. Genpact*, No. 3:22-CV-00009, 2022 WL 782322 (M.D. Pa. Mar. 14, 2022) (same); *Fox v. Berry*, No. 3:20-CV-1998, 2021 WL 4100353 (M.D. Pa. Sept. 8, 2021) (same); *Rodriguez v. Mastronardi Produce-USA, Inc.*, No. 1:20-CV-01702, 2021 WL 2634403 (M.D. Pa. June 25, 2021) (same).

The issue of whether there is a valid agreement to arbitrate is not apparent or clear on the face of Plaintiff's Complaint. (Doc. 1.) Plaintiff does not attach any exhibits to his Complaint, nor does his claim against Experian make any reference to an agreement to arbitrate. (*Id.*) The first mention of any agreement to arbitrate in this case is in Defendant's Answer. (Doc. 7.) Therefore, "the motion to compel arbitration must be denied pending further development of the factual record." *Guidotti*, 716 F.3d at 774.

### III. CONCLUSION

For the foregoing reasons, Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration (Doc. 27) and Motion to Stay (Doc. 32) will be denied without prejudice to allow for the filing of a renewed motion to compel arbitration following a sixty-

day period in which the parties will conduct limited discovery on the issue of whether there is a valid arbitration agreement. A separate Order follows.

_____
Robert D. Mariani
United States District Judge